UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:14-00079

RICKY A. WILLIAMS


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On April 15, 2015, the United States of America
appeared by Monica D. Coleman, Assistant United States Attorney,
and the defendant, Ricky A. Williams, appeared in person and by
his counsel, Lex A. Coleman, Assistant Federal Public Defender,
for a hearing on the petition on supervised release submitted by
Senior United States Probation Officer Patrick M. Fidler.  The
defendant commenced a three-year term of supervised release in
this action on December 3, 2014, as more fully set forth in the
Judgment Including Sentence Under the Sentencing Reform Act
entered by the court on October 29, 2014.

The court heard the admissions of the defendant and
the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant failed to file a monthly report from the time supervised release commenced on December 3, 2014, until the filing of the petition on February 26, 2015; (2) the defendant failed to follow the instructions of the probation officer inasmuch as on December 4, 2014, the probation officer instructed him to report to the probation office in person the first Tuesday of each month and the defendant failed to report in January or February 2015; on January 7, 2015, the probation officer attempted to contact the offender by telephone regarding his missed appointment, but was unsuccessful; on January 8, 2015, the probation officer mailed a letter to the offender's residence directing him to report to the probation office on January 12, 2015, which the defendant failed to do, after which the letter was returned as "not deliverable as addressed, unable to forward"; on January 16, 2015, the probation officer attempted a home visit at the defendant's residence at which time the defendant's grandmother advised he was not home, the probation officer having left a business card with a request that the defendant contact the

probation officer, which the defendant failed to do; all of
which rendered the defendant's whereabouts unknown to the
probation officer inasmuch as there was no contact from December
16, 2014, until the filing of the petition on February 26, 2015;
(3) the defendant failed to report for urine screens inasmuch as
on December 4, 2014, he was placed on the urine drug screen
hotline and expected to provide four urine screens per month,
the defendant having provided a screen on December 4, 2014, one
additional screen, and then none thereafter until the filing of
the petition on February 26, 2015; and (4) the defendant failed
to attend weekly individual substance abuse treatment sessions
inasmuch as such arrangements were made by the probation officer
on December 4, 2014, and the defendant did not attend a session
from December 29, 2014, until the filing of the petition on
February 26, 2015; all as admitted by the defendant on the
record of the hearing and as set forth in the petition on
supervised release.

     And the court finding, as more fully set forth on the
record of the hearing, that the violations warrant revocation of
supervised release and, further, that it would unduly depreciate
the seriousness of the violations if supervised release were not

revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS, to be followed by a term of twenty-eight (28) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further conditions that the defendant not commit another federal, state or local crime and that the defendant participate in substance abuse counseling and treatment as directed by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

4

Recommendation:  The court strongly recommends that the Bureau of Prisons apply four months of the defendant's sentence to a community confinement center placement.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  April 21, 2015

John T. Copenhaver, Jr.
United States District Judge